UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ADAM SALAS RAMIREZ, | ) | 1:08-CV-00557 OWW SMS HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| KEN CLARK, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 23, 2008, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner claims the state court decision in <u>In re Monigold</u>, 205 Cal.App.3d 1224 (1988), violates the ex post facto clause of the Constitution by taking away his earned time credits.

**DISCUSSION**

I. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

1  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of
2  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to
3  dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th
4  Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it
5  appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson,
6  440 F.2d 13, 14 (9th Cir. 1971).

7  II. Failure to State a Federal Claim for Relief

8      In his petition before this Court, Petitioner claims an ex post facto violation occurred when
9  the state appellate court determined in In re Monigold, 204 Cal.App.3d 1224 (1988), that inmates
10 serving life sentences are eligible to earn only one-third custody credits. Petitioner is challenging the
11 interpretation and application of state law as it applies to his sentence. Federal courts are bound by
12 state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th
13 Cir.), *cert. denied*, 493 U.S. 942 (1989). This court must defer to a state court's interpretation of its
14 own laws unless that interpretation is untenable or amounts to a subterfuge to avoid federal review of
15 a constitutional violation. Id. This court finds that the interpretation of the state law by the California
16 courts is neither untenable nor a subterfuge to avoid federal review. Accordingly, Petitioner's
17 allegation is not subject to review by the federal court and should be dismissed. Lewis v. Jeffers, 497
18 U.S. 764 (1990).

19     Petitioner attempts to make out a federal claim by claiming a violation of the ex post facto
20 clause, but there is no merit to this argument. Article I, § 10 of the U.S. Constitution provides: "No
21 State shall ... pass any ... ex post facto law." The ex post facto clause prohibits the states from
22 enacting any law "which imposes a punishment for an act which was not punishable at the time it
23 was committed; or imposes additional punishment to that then prescribed." Weaver v. Graham, 450
24 U.S. 24, 28 (1981), *quoting* Cummings v. Missouri, 71 U.S. (4 Wall.) 277, 325-26 (1866). The ex
25 post facto clause prohibits, inter alia, laws which "make more burdensome the punishment for a
26 crime, after its commission." Collins v. Youngblood, 497 U.S. 37, 52 (1990). "[T]o fall within the ex
27 post facto prohibition, two critical elements must be present: first, the law 'must be retrospective,
28 that is, it must apply to events occurring before its enactment'; and second, 'it must disadvantage the

offender affected by it.'" Miller v. Florida, 482 U.S. 423, 430 (1987), *quoting* Weaver v. Graham, 450 U.S. 24, 29 (1981). Here, there can be no ex post facto violation because Petitioner was sentenced on June 7, 1985, and the law he challenges, Cal. Penal Code § 2933, was enacted in 1983. The state appellate court did not change the law in In re Monigold, it merely confirmed the Attorney General's opinion that indeterminately sentenced prisoners are not entitled to day-for-day worktime credits. 205 Cal.App.3d at 1227. Petitioner was sentenced to 25 years to life; therefore, he is not eligible for such credits, and he does not claim he was informed he could earn such credits. Therefore, the petition should be dismissed.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for failure to state a claim.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 31, 2008**          /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE

U.S. District Court
E. D. California      cd                              3